```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BLUEFIELD
```

**VERNON CHAPMAN,**

    **Plaintiff,**

**v.**                                            **CIVIL ACTION NO. 1:19-00306**

**ACTING WARDEN DAVID RICH,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

### I.  Introduction

By Standing Order, this action was referred to United States Magistrate Judge Omar J. Aboulhosn for submission of proposed findings and recommendation ("PF&R").  Magistrate Judge Aboulhosn submitted his proposed findings and recommendation on January 16, 2020.  In that Proposed Findings and Recommendation, the magistrate judge recommended that this court dismiss plaintiff's application for Writ of Habeas Corpus under 28 U.S.C. § 2241, and remove the case from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted fourteen days, plus three mailing days, in which to file any objections to Magistrate Judge Aboulhosn's Findings and Recommendation.  The failure of any party to file such objections constitutes a waiver of such party's right to a de novo review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985).  Moreover, this court need not conduct a de novo review when a party "makes

general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

Plaintiff, Vernon Chapman, timely filed objections. See ECF No. 19. With respect to those objections, the court has conducted a de novo review.

## II. Analysis

On April 22, 2019, plaintiff filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241. Chapman challenges disciplinary action taken against him on September 19, 2018, by the Federal Bureau of Prisons ("BOP") while he was in custody at United States Penitentiary ("USP") Leavenworth, Kansas. He contends that he was denied due process during prison disciplinary proceedings that resulted in a loss of good time credits and privileges. Specifically, Chapman contends that his rights were violated because the Discipline Hearing Officer ("DHO") suppressed exculpatory evidence by misrepresenting video footage which he claims was favorable to him.

On August 15, 2018, USP Leavenworth staff member J. Shapiro prepared an incident report charging Chapman with violating the BOP's prohibited act code for fighting with another person. See ECF No. 10-1 at 5. The report indicated that:

> On the above date at approximately 14:49, I Officer Shapiro was sitting inside the B-Upper Unit officer's station when I heard a loud noise outside the office by the inmate Phones.  I stepped out and witnessed inmate XXX and inmate Chapman, Reg. No. 42774-424 on the ground fighting, exchanging closed fisted blows to their upper bodies and torso.  I immediately gave them verbal commands to stop fighting and submit to restraints.  Both inmates continued to fight and, at that point, were on their feet about to engage each other again.  Before I could get my OC out, inmate XXX took a swing with a closed fist at inmate XXX.  That's when I delivered single two (2) second burst from my MD-4 OC canister to both of the inmates' eyes and face.  I then placed inmate XXX on the floor and placed him in restraints.  I then escorted inmate XXX to the Lieutenant's Office for decontamination.

Id.  Chapman denied his involvement in the fight, maintaining that he never swung on anyone.  See id.

A DHO hearing was held on September 19, 2018.  At the DHO hearing Chapman stated that:  "I was attacked.  I didn't do anything."  Ultimately, the DHO found Chapman guilty of committing the offense as charged.  In so finding, the DHO relied upon the reporting officer's statement contained in the incident report and photographs, medical assessments, memoranda written by USP Leavenworth staff members Lieutenant Serna, Officer Jeffery, Officer Shapiro, and Unit Secretary Ryberg, as well as video footage.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  Where a prison disciplinary hearing may result

in the loss of good time credits, Wolff held that the inmate must receive: (1) "advance written notice of the claimed violation"; (2) an opportunity, when consistent with institutional safety and correctional goals, "to call witnesses and present documentary evidence in his defense"; (3) "a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary action"; and (4) an opportunity to seek the aid of a fellow inmate or prison staff on complex matters or if the inmate is illiterate". Id. at 563-70.

In 2019, the United States Court of Appeals for the Fourth Circuit held that, under Wolff, "inmates at risk of being deprived of a liberty interest, like good time credits, have a qualified right to obtain and present video surveillance evidence." Lennear v. Wilson, 937 F.3d 257, 262 (4th Cir. 2019). According to the Lennear court, "upon request, an inmate is entitled to access prison video surveillance evidence pertaining to his or her disciplinary proceeding unless the government establishes that disclosure of such evidence would be, under the particular circumstances of the case, 'unduly hazardous to institutional safety or correctional goals.'" Id. at 269 (quoting Wolff, 418 U.S. at 566). The Fourth Circuit also confirmed that any violation of an inmate's procedural due process rights in disciplinary proceedings is "subject to harmless error review." Id. at 276. "[I]n evaluating whether

4

prison officials' failure to disclose or consider evidence was harmless, courts must determine whether the excluded evidence could have aided the inmate's defense." Id. at 277.

Magistrate Judge Aboulhosn recommended that the court dismiss plaintiff's § 2241 because Chapman was afforded all the process to which he was entitled and there was sufficient evidence to support the DHO's decision. In so recommending, Magistrate Judge Aboulhosn reviewed the video footage and could not conclude that it was misrepresented by the DHO. See ECF No. 18 at 12.

The court agrees with Magistrate Judge Aboulhosn that Chapman's due process rights under Wolff and Lennear were not violated. Chapman does not really argue otherwise. He concedes that the BOP reviewed the relevant video evidence. See ECF No. 19 at 1-2. Therefore, any objection that his procedural due process rights were violated is **OVERRULED**.

Chapman disagrees with the DHO's ultimate decision. He continues to maintain that the video footage was misrepresented (even though the magistrate judge viewed it and found it was not). The magistrate judge's review of the video footage showed Chapman and another inmate attempting to strike one another. Therefore, it was not inconsistent with the DHO's decision. As the DHO made clear in the decision, the video evidence did not show the entire altercation. See ECF No. 10-1 at 14. In any

5

event, the DHO's decision did not rest solely on the video evidence. The DHO relied on statements from three eye witnesses, Officer Jeffery, Officer Shapiro, and Unit Secretary Ryberg. See ECF No. 10-1 at 5, 13-14. The statements of Officers Jeffery and Shapiro identified Chapman by name.

> Decisions by a disciplinary board pass scrutiny under the Due Process Clause if there is some evidence in the record to support the conclusions. Superintendent, Massachusetts Corr. Ins., Walpole v. Hill, 472 U.S. 445, 454 (1985). Federal courts will not review the accuracy of the board's fact finding de novo or for clear error, and determining whether the standard is satisfied does not require examination of the entire record or weighing of evidence. See Baker v. Lyles, 904 F.2d 925, 932 (4th Cir. 1990). Rather, "[a]s long as the record is 'not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary,' courts need not grant . . . relief on this ground." Tyler v. Hooks, 945 F.3d 159, 170 (4th Cir. 2019) (quoting Hill, 472 U.S. at 457).

Thompson v. Hartsfield, NO. 5:17-CT-3262-FL, 2020 WL 5709247, at *4 (E.D.N.C. Sept. 25, 2020). Even "meager" evidence will suffice. Hill, 472 U.S. at 455.

The court finds that the DHO's decision that Chapman committed the disciplinary offense as charged is supported by "some evidence in the record." Id. at 454. "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board. Instead, due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." Id. at 457. Therefore, the court concludes the DHO's

decision and resulting sanction did not deprive Chapman of due process.  His objection is **OVERRULED**.

As well, for the reasons stated in the PF&R, see ECF No. 18 at 7-8, the court **OVERRULES** Chapman's objection to the PF&R's finding that his claim of DHO bias lacked merit.  Although Chapman may find Magistrate Judge Aboulhosn's conclusions on this point "unpersuasive," the court does not.

### III.  Conclusion

For the reasons discussed above, the court hereby OVERRULES plaintiff's objections and CONFIRMS and ACCEPTS the factual and legal analysis contained within the Proposed Findings and Recommendation.  Accordingly, the court **DISMISSES** plaintiff's petition for Writ of Habeas Corpus and directs the Clerk to remove the case from the court's docket.

Additionally, the court has considered whether to grant a certificate of appealability.  See 28 U.S.C. § 2253(c).  A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676,

683-84 (4th Cir. 2001). The court concludes that the governing standard is not satisfied in this instance. Accordingly, the court **DENIES** a certificate of appealability.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and to plaintiff pro se.

IT IS SO ORDERED this 30th day of September, 2022.

ENTER:

*David A. Faber*

David A. Faber
Senior United States District Judge